Jones, J. [Dissenting.]
The judgment below proceeded on the ground that defendant had warranted the Wilson chattel mortgage, and on that ground only ; and that ground only is now urged in its support.
The decision of the case turns on the effect to be *117 given to the words “against the said Wesley, or any act or deed of his,” contained in the assignment of the mortgage.
The assignment, as originally drawn, did not contain these words ; and as it then stood it contained a full and absolute warranty. By agreement the assignment was sent to the defendant’s attorney for his approval. He did not approve of it in that form, but inserted the words in question.
The natural effect of these words is a declaration by the assignor that he will not covenant the validity of the mortgage except to the extent that he himself has not, by any act or deed, or in any other manner, done anything to impair its validity. The words have some meaning and were inserted for some object.
The only meaning they can have in the connection in which they are used is that above ascribed to them, and the only object of their insertion that of a limitation of the assignor’s liability. I see no escape from giving them this construction.
It is, however, insisted that they qualify the last covenant only, and that sundry of the words contained in the preceding covenants import a warranty of title, especially the word “outstanding.”
All the covenants, however, are contained in one sentence, the only mark Of separation being commas, and the words in question are at the end of the whole sentence, and they must, in my view, be taken as qualifying the whole.
It would be too forced a conclusion to hold that although by the concluding portions of the sentence he had qualified his warranty of validity, yet, notwithstanding, preceding words in the same sentence constitute a full warranty of validity without qualification.
I think the defendant cannot be held on the clauses contained in the assignment, and that the exception to the charge was well taken.
*118 On a new trial other facts may be proved, and further evidence given which may fasten on him a liability on some other ground.
Judgment reversed and new trial ordered, with costs to the appellant to abide the event.